IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| NEIL SAMOY, | Cause No. CV 26-268-GF-BMM |
| Petitioner, | |
| vs. | ORDER |
| SHERIFF SLAUGHTER, | |
| Respondent. | |

Petitioner Neil Samoy ("Samoy"), a pretrial detainee incarcerated at the Cascade County Detention Center, filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2241.  (Doc. 5.)  Samoy is proceeding pro se and in forma pauperis.  *See e.g.*, (Doc. 4 at 1.)

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a).  The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2).  The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases.  The Court dismisses without prejudice Samoy's petition because the petition remains unexhausted.

1

**Background/Samoy's Claim**

Samoy provides little detail in his present petition, but the Court is aware from a prior filing that Samoy was arrested in Great Falls on September 26, 2025, and charged with Criminal Trespass to Property, Theft, Criminal Possession of Dangerous Drugs, Obstructing a Peace Officer, and Resisting Arrest. *See Samoy v. Slaughter*, Cause No. CV-26-04-GF-BMM, Ord. at 2 (D. Mont. Feb. 23, 2025). Samoy claims that a Fifth Amendment violation has occurred in his underlying proceedings the charging documents list Officer Caleb Justus twice as a victim of Assault on a Peace Officer.  (Doc. 6 at 6.)  Samoy asserts that the United States Constitution "does not allow for two charges for the same crime."  (*Id*.)  It appears Samoy is arguing that the charging document in his case is multiplicitous because it charges multiple counts for a single offense, thus raising double jeopardy concerns.

Samoy asks that his charges be reversed, that laws be written in such a way that ordinary citizens can understand them, and that individuals practicing law be required to change positions every four years in order to end purported corruption. (*Id*. at 7.)

**Analysis**

As a preliminary matter, to the extent that Samoy seeks injunctive relief,

2

such relief is simply not available to him in a federal habeas action. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  Moreover, this Court lacks authority to issue orders against individuals or entities who are not parties to this action.  *See, Zenith Radio Corp. v. Hazeltine Research, Inc*., 395 U.S. 100 (1969).

Section 2241 of Title 28 "provides generally for the granting of writs of habeas corpus by federal courts, implementing 'the general grant of habeas authority provided by the Constitution.'" *Frantz v. Hazey*, 533 F. 3d 724, 735 (9th Cir. 2008 (en banc) (quoting *White v. Lambert*, 370 F. 3d 1002, 1006 (9th Cir. 2004).  Section 2241 provides the authority for granting habeas relief to a person "who is not in custody pursuant to a state court judgment" but, rather, who is in custody for some other reason, such a pretrial detention or awaiting extradition. *White*, 370 F. 3d at 1006.

"District Courts are authorized by 28 U.S.C. §2241 to consider petitions for habeas corpus." *Castro-Cortez v. INS*, 239 F. 3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Bargas v. Gonzales*, 548 U.S. 30 (2006).  "That section does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Id*.; *see also Liang v. Ashcroft*,

370 F. 3d 994, 1000-1001 (9th Cir. 1994). The principles of federalism and comity require, however, that this court abstain and not entertain a pretrial habeas challenge unless the petitioner shows the following criteria: (1) exhaustion of available state judicial remedies, and (2) "special circumstances" warrant federal intervention.  *Carden v. Montana*, 626 F. 2d 82, 83-4 & n.1 (9th Cir.), *cert. denied,* 449 U.S. 1014 (1980); *see also, Younger v. Harris*, 401 U.S. 37, 43-54 (1971); *Samuels v. Mackell*, 401 U.S. 66, 68-74 (1971) (under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances).

As Samoy was advised in his previous habeas matter, he must exhaust his federal claims in the state court system before he can proceed in this Court.  *See, Samoy*, Cause No. CV-26-04-GF-BMM, Ord. at 2-5.  On the face of his petition, Samoy acknowledges that he has not presented his double jeopardy claim to the state courts.  (Doc. 5 at 6, ¶13(b)).  To the extent that Samoy presents a cognizable Fifth Amendment claim, this claim remains unexhausted.  Samoy presents no "special circumstance" that would warrant this Court's intervention.  *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *Carden*, 626 F. 2d at 84.  Samoy should consult with his state attorney and attempt to obtain the relief he seeks via his pending state court proceedings, on direct appeal therefrom, or by filing an original habeas

action in the state court.

Samoy has not exhausted his state court remedies, and his situation does not involve special circumstances. Accordingly, his § 2241 petition will be dismissed without prejudice, allowing Samoy to return to this Court if and when he fully exhausts his claim.

## Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The claim Samoy attempts to present is unexhausted and does not meet the exception to abstention. Accordingly, reasonable jurists would find no reason to encourage additional proceedings at this time.

5

Based on the foregoing, the Court enters the following:

## ORDER

1.  Samoy's Amended Petition (Doc. 5) is DISMISSED without prejudice.

2.  The Clerk of Court is directed to enter a judgment of dismissal.

3.  A certificate of appealability is DENIED.


DATED this 29th day of June, 2026.

Brian Morris, Chief District Judge
United States District Court